IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRY EUGENE LANDRY | § | |
| v. | § | CIVIL ACTION NO. 6:08cv416 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Terry Landry, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Landry complains of a conviction for capital murder, for which he received a sentence of life in prison. He alleged in four grounds for relief that the trial court denied him due process by failing to give instructions on lesser included offenses and that he received ineffective assistance of counsel on appeal. The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent argued that Landry's first two grounds, pertaining to the refusal to give instructions on lesser included offenses, were procedurally defaulted, and that all of his grounds for relief lacked merit. Landry filed a response to the answer arguing that the procedural default was excused because he was actually innocent. He also asserted that his efforts to obtain discretionary review were hindered by state officials, the prosecution withheld and tampered with evidence and used false testimony at trial, and he received ineffective assistance of counsel; Landry stated that these were not new grounds for relief, but were offered in support of his claim of actual innocence so as to excuse the alleged procedural default.

1

After review of the pleadings and the state court records, the Magistrate Judge issued a Report on July 29, 2009, recommending that the petition be dismissed. The Magistrate Judge stated that Landry's first two grounds for relief had been procedurally defaulted, but that "it was clear" that Landry's claims lacked merit. The Magistrate Judge noted that the failure to give an instruction on a lesser included offense, in a case other than one in which the death penalty was actually imposed, did not raise a federal constitutional issue. Creel v. Johnson, 162 F.3d 385, 390 (5th Cir. 1998). The Magistrate Judge also determined that Landry had failed to show that he received ineffective assistance of counsel on appeal, in that Landry contended that counsel should have raised issues regarding legal and factual sufficiency of the evidence, but that he had not been harmed by this failure because he wholly failed to show that had these claims been raised on appeal, the result of the proceeding would probably have been different.

The Magistrate Judge then reviewed Landry's response to the answer, noting that his claims of actual innocence were too insubstantial to trigger the miscarriage of justice exception to the procedural default rule. The Magistrate Judge also determined that to the extent that Landry's response to the answer could be read as raising new claims for relief, such claims were procedurally defaulted because they had never been presented to the courts of the State of Texas and a second state habeas corpus petition would constitute an abuse of the writ. Finally, the Magistrate Judge recommended that a certificate of appealability be denied *sua sponte*.

After seeking and obtaining an extension of time, Landry filed objections to the Magistrate Judge's Report on September 2, 2009. After complaining of medical problems and difficulties in visiting with his "inmate legal assistant," Landry says that the law library at the unit where he is housed has not received any new books since the summer of 2008.

Turning to his claims, Landry says first that he objects to the "ultimate facts" adopted by the state court of appeals and by this Court, saying that the Magistrate Judge's Report was "based on an unreasonable application and determination of the facts in light of the evidence presented in the state court proceedings." He says that some of the statements made in the opinion of the state

court of appeals, cited by the Magistrate Judge by of factual background, were in error, and denies that he knew anything about the murder prior to its commission. Landry also takes issue with the Magistrate Judge's statement that he did not file a timely petition for discretionary review, saying that he timely filed a motion for extension of time in which to do so, but the clerk of the state court "held him to the standards of a trained attorney" and sent his motion back to him.

Next, Landry says that the trial court's failure to give instructions on lesser included offenses "placed him in an all or nothing situation." He concedes that the Fifth Circuit has held that this does not raise a constitutional issue, but says that he "must pray that the Fifth Circuit is wrong." He cites cases from other circuits which he says hold to the contrary, and asks that the Court consider the reasoning in these other circuits, as opposed to the Fifth Circuit. However, this Court is bound by Fifth Circuit precedent which is directly on point. Landry's objection on this ground is without merit.

Landry next complains that the Magistrate Judge did not "conduct a *de novo* review" on his claim of actual innocence, saying that in Finley v. Johnson, 243 F.3d 215 (5th Cir. 2001), the Fifth Circuit found that an actual innocence claim was sufficient "if accepted by a jury to acquit the petitioner." However, the petitioner in Finley presented evidence such that had the jury heard it, the Fifth Circuit said that there was at least a reasonable probability that the jurors would have rejected the prosecutor's argument as to an essential element of the offense. In the present case, as the Magistrate Judge correctly stated, Landry wholly failed to set out any such evidence. His objection on this ground is without merit.

After arguing that he was entitled to a charge on the lesser included offense of aggravated assault, which lacks merit as set out above, Landry says that "a different result would have occurred" and that he would probably have been successful on his direct appeal had counsel raised the issues of legal and factual sufficiency of the evidence. He says that these claims are strong when the accused did not commit the actual crime but was prosecuted as a party, and that there should be "no question" as to a reasonable probability of success if these issues had been raised.

Landry restates his version of the facts, acknowledging that he was handed a shotgun to hold on the deceased but saying that he believed that the gun was not loaded and that he was "in shock" while holding the gun. He says that he made a statement to a police investigator, Cliff Carruth, but that Carruth "twisted" it, and that "the Court would be appalled" if there were video tapes of what he had actually said to the police.

Similarly, Landry says that because he did not actually commit any element of the crime, his appellate counsel should have raised the issue of factual sufficiency of the evidence. He cites Pesina v. State, 949 S.W.2d 374 (Tex.App.-San Antonio 1997, no pet.), in which the defendant was convicted of murder under the law of parties, but the evidence showed that the only acts committed by the defendant were done after the offense had been completed, the Texas court of appeals held that acts committed after an offense is completed cannot make the actor a party to the offense.

In this case, the acts alleged to have been committed by Landry making him a party to the offense were not done after the offense were completed, and so Pesina is inapplicable. His claim on this point is without merit.

Landry also says that it is "undisputed" that he "was not an actor in the murder of Joshua Petrea, did not participate in any element of the murder, and was not present at the scene of the murder at the time that it was committed." As the Magistrate Judge set out, Landry: pointed a shotgun at Petrea while the other two persons involved, Massie and Cortez, searched Petrea's car; kicked Petrea in the ribs while at Massie's house; accompanied Massie and Cortez when they drove Petrea into the woods, where he was killed; and cleaned out the trunk of the car, where Petrea had been placed, because "there might be evidence" that they had carried him in the trunk. Even though Landry did not participate in the actual killing, these facts are plainly sufficient to support a guilty verdict to the charge of capital murder as a party. Landry's objection to the Magistrate Judge's conclusion that he had not received ineffective assistance of counsel on appeal because of the failure

4

to raise factual sufficiency of the evidence - a ground for relief which had little if any likelihood of success given the facts of this case - is therefore without merit.

Finally, Landry appears to argue actual innocence as a ground for relief, pointing to the "new evidence" presented to the Court in his response to the answer. The Magistrate Judge correctly determined that any claims based upon this "new evidence" were procedurally defaulted because they had never been presented to the Texas courts, and that in any event, this "new evidence" was not sufficient to sustain a claim of innocence; as the Magistrate Judge stated, none of the statements presented by Landry show or even imply that he is actually innocent, and none are inconsistent with Landry's being guilty of capital murder as a party to the crime. Furthermore, the Fifth Circuit has stated that actual innocence is not itself a ground for habeas corpus review. Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003); Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000). Landry's objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original petition, the answer of the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

---

[1] The Supreme Court has held that the traditional remedy for claims of innocence based upon new evidence, discovered too late in the day for a motion for a new trial, is executive clemency. Herrera v. Collins, 113 S.Ct. at 869. The Governor of Texas, based upon a recommendation of a majority of the Board of Pardons and Paroles, may grant clemency. Tex. Const., Art. IV, §11; Tex. Code Crim. Pro. Ann. art. 48.01. Additionally, the Texas Court of Criminal Appeals has approved a procedure whereby claims of actual innocence may be tested through state habeas corpus. State of Texas ex rel. Holmes, 885 S.W.2d at 397. The option of seeking executive clemency, based upon his claim of actual innocence, remains open to Landry; however, he cannot obtain federal habeas corpus relief based upon a claim of actual innocence by itself, particularly where such a claim has been procedurally defaulted through his failure to present it to the state courts.

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Terry Landry be and hereby is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of September, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**